IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROBERT EARL WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:18CV577 |
| v. | ) | 1:13CR490-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND RECOMMENDATION

Petitioner, a prisoner of the State of North Carolina who was also convicted and sentenced in this Court, submitted a document entitled "Re: Multiple Sentences Imposed to Run Concurrently." He contends that he is currently serving his state sentence, but will soon be released to federal custody and that, upon such release, the United States Bureau of Prisons will not properly credit his sentences as concurrent. He seeks to have this matter "addressed immediately" by the Court. Although Petitioner does not use the forms for an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, where a petitioner is attacking the execution and not imposition of a sentence, his petition is properly before the court pursuant to § 2241. See, e.g., Youngworth v. United States Parole Commission, 728 F. Supp. 384, 388 (W.D.N.C. 1990). Therefore, the Court treated Petitioner's submission as a petition under § 2241. However, Petitioner cites no authority allowing the Court to act at this time under § 2241 or any other statute and it is not clear how the Court could act given that Petitioner has not yet been released into federal custody and the Bureau of Prisons has yet to make any determination regarding his sentence. Therefore, the Court should dismiss this action without

prejudice to Petitioner refiling under § 2241 after the Bureau of Prisons makes a determination regarding his sentence and after Petitioner exhausts any available administrative remedies within the Bureau of Prisons. Further, in a § 2241 action challenging the execution of the sentence of a petitioner in physical custody within the United States, the petition should be filed in the district court of the district where the petitioner is in custody. See Kanai v. McHugh, 638 F.3d 251, 255 (4th Cir. 2011) (citing Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004)). Therefore, Petitioner should file any § 2241 petition in the district where he is incarcerated at the time of filing.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition in the proper district.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Petitioner filing in the proper district after exhausting any available administrative remedies.

This, the 10th day of July, 2018.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**